Of Counsel:
ASHFORD & WRISTON
A Limited Liability Law Partnership LLP

WAYNE NASSER        1097-0
  wnasser@awlaw.com
KEVIN W. HERRING    6722-0
  kherring@awlaw.com
GARY P. QUIMING     8822-0
  gquiming@awlaw.com
Alii Place, Suite 1400
1099 Alakea Street
Honolulu, Hawai`i 96813
Telephone: (808) 539-0400

Attorneys for Defendant
  TITLE GUARANTY ESCROW SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALFREDO RAMOS, an individual, WINNIE RAMOS, an individual,<br><br>                              Plaintiffs,<br><br>   vs.<br><br>CHASE HOME FINANCE, a Business Entity, form unknown; FIRST MAGNUS FINANCIAL CORPORATION, a Business Entity, form unknown; CHARTER FUNDING, a Business Entity, form unknown, TITLE GUARANTY ESCROW SERVICES, INC., a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a Business Entity, form unknown; and DOES 1-100, inclusive,<br>                              Defendants. | Civil No. CV 11-00050 JMS-KSC<br><br>DEFENDANT TITLE GUARANTY ESCROW SERVICES, INC.'S RULE 16 SCHEDULING CONFERENCE STATEMENT; CERTIFICATE OF SERVICE |

980872

# DEFENDANT TITLE GUARANTY ESCROW SERVICES, INC.'S RULE 16 SCHEDULING CONFERENCE STATEMENT

Defendant TITLE GUARANTY ESCROW SERVICES, INC. ("TGES"), by and through its undersigned attorneys, hereby submits its scheduling conference statement pursuant to Federal Rules of Civil Procedure Rule 16 and Local Rule 16.2 and states as follows:

## I. NATURE OF THE CASE AND PROCEDURAL POSTURE

This appears to be a foreclosure-avoidance action concerning a $335,000.00 loan that was secured by a mortgage on the Plaintiffs' residence located at 53-3976 South Kupa Place, Kapaau, HI 96755, in the County of Hawaii (the "Property"). Plaintiffs' complaint was filed on January 21, 2011 and then subsequently amended on April 14, 2011 (the "Complaint").

The Property is alleged to be encumbered by a "Cash-Out Refinance" Loan in the amount of $335,000.00 originally in favor of First Magnus Financial Corporation ("First Magnus"). Id. at ¶ 3, 4. The loan is described as having a 30-year term, with a "Fixed interest rate" and monthly payments of $2,062.65. Id. at ¶ 3. Plaintiffs contend that the mortgage was, at some point in time, "sold" or assigned to Chase Home Financial ("Chase"). Id. at ¶ 7.

The only allegations specifically referring to TGES are found in Paragraphs 6 and 20 of the Complaint. In Paragraph 6, Plaintiffs state:

> Plaintiffs are informed and therefore alleges that Defendant Title Guaranty Escrow Services, Inc. (hereinafter referred to as "TITLE"), a Business Entity, form unknown, is a corporation, authorized to do business in the State of Hawaii. <u>TITLE was the original escrow/title company for the loan</u>, with a business address of, 65-1230 Mamalahoa Hwy, Suite D-101, Kamuela, HI 96743.

(emphasis added).

In Paragraph 20 of the Complaint, Plaintiffs allege:

> Each subsequent Defendant who has participated in, been assigned or been transferred Rights, or holds a position or interest under loan agreement, including FIRST, CHARTER, <u>TITLE</u>, MERS and UNKNOWN DEFENDANTS (hereinafter referred to collectively as "Defendants") failed to perform their due diligence in investigation the legal requirements that this loan should have been processed within. As a result, Defendants now hold an interest in a loan that was improperly handled from its inception.

(emphasis added).

The following summarizes the claims raised by Plaintiffs:

- **Count 1** seeks a declaration that the "Defendants perpetrated a fraudulent loan transaction" and that the "purported power of sale [is]... of no force or effect at this time." <u>Id.</u> at ¶¶ 32-35.
- **Count 2** seeks to enjoin Defendants from proceeding with a foreclosure action via a "non-judicial sale." <u>Id.</u> at ¶¶ 37-39.
- **Count 3** alleges a breach of an implied covenant of good faith and fair dealing regarding "[t]he terms of the Loan ...." <u>Id.</u> at ¶¶ 41-46.
- **Count 4** alleges violations of the Truth in Lending Act ("TILA"), and seeks rescission, damages, "equitable restitution and disgorgement of profits obtained by Defendants." <u>Id.</u> at ¶¶ 48-57.

- **Count 5** alleges violations of the Real Estate Settlement and Procedures Act ("RESPA"), and claims that First Magnus and Charter failed to disclose "all affiliated business arrangements." That Count also alleges that Defendants provided "kickbacks, hidden referral fees and or Yield Spread Premiums." Id. at ¶¶ 59-65.
- **Count 6** asserts a separate cause of action for rescission based on "1) TILA Violations; 2) RESPA; 3) Fraudulent Concealment; 4) Deceptive Acts and Practices (UDAP) and 5) Public Policy Grounds." Id. at ¶¶ 67-70.
- **Count 7** purports to state a claim for violations of an unspecified "Unfair and Deceptive Business Act Practices." Id. at ¶¶ 72-75.
- **Count 8** purports to state a claim for breach of fiduciary duty. Id. at ¶¶ 77-81.
- **Count 9** is identified as a claim for "Unconscionability" under "UCC-2-3202." Id. at ¶¶ 83-85.
- **Count 10** alleges a claim for "Predatory Lending." Id. at ¶¶ 87-99.
- **Count 11** seeks to quiet title to the Property in the Plaintiffs. Id. at ¶¶ 101-103.
- And finally, **Count 12** – Alleges that "MERS" lacks standing, presumably to initiate foreclosure. Id. at ¶¶105-11.

On June 17, 2011, TGES filed its Motion to Dismiss Complaint filed on April 14, 2011 and/or for Judgment on the Pleadings. A hearing on TGES' motion is scheduled for August 22, 2011.

## II.   STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331.

## III.   JURY TRIAL DEMAND

Plaintiffs demanded a jury trial in their amended Complaint filed April 14, 2011.

## IV.   RULE 26 DISCLOSURES

TGES has not yet made any disclosures.

## V. STATUS OF DISCOVERY

TGES is unaware of any completed discovery. TGES has not served any discovery requests on any other party.

## VI. SPECIAL PROCEDURES

TGES does not believe that any special procedures are necessary for this matter.

## VII. RELATED CASES

TGES is presently unaware of any related cases.

## VIII. ADDITIONAL MATTERS

There are no additional matters at this time.

DATED: Honolulu, Hawaii; June 30, 2011.

　　　　　　　　　　　　　　　　　/s/ Kevin W. Herring
　　　　　　　　　　　　　　　　WAYNE NASSER
　　　　　　　　　　　　　　　　KEVIN W. HERRING
　　　　　　　　　　　　　　　　GARY P. QUIMING
　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　TITLE GUARANTY ESCROW
　　　　　　　　　　　　　　　　　　SERVICES, INC.

980872　　　　　　　　　　　　　　　5